**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **MANUEL GUTIERREZ-BARAJAS** | § | **Criminal Action No. 4:16-cr-00083-O** |
| **Defendant,** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **DALLAS COUNTY, TEXAS, et. al.,** | § | |
| **Petitioners.** | § | |
| | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Petitioners' Petition for Adjudication of Interest in Property (ECF No. 168), filed on February 27, 2017; and the United States and Petitioners' Joint Stipulation (ECF No. 175), filed on March 13, 2017. United States District Judge Reed O'Connor referred the Petition and all related responses to the undersigned by Order entered on February 28, 2017. ECF No. 171.

After reviewing the pleadings and applicable law, the undersigned RECOMMENDS that Judge O'Connor DENY the Petition (ECF No. 168) as moot and adopt the provisions of the Joint Stipulation (ECF No. 175) when issuing the final order of forfeiture.

The hearing on the Petition for Adjudication set for March 17, 2017 at 9:00 a.m. is CANCELLED.

**I.      Background**

On September 29, 2016, Judge O'Connor issued an Order granting the Government's Motion for Preliminary Order of Forfeiture. ECF No. 106. The Order concerns the forfeiture of

Defendant's interest in real property located at 9722 Oakwood Drive, Dallas, Texas 75217. The Government published notice of the Preliminary Order of Forfeiture, providing the public with notice of the forfeiture of the real property for at least 30 consecutive days, beginning on October 4, 2016. ECF No. 126. The Petitioners filed their Third Party Petition on February 2, 2017, claiming an interest in the real property. ECF No. 168. The Court ordered a hearing to determine whether Petitioners claimed a valid interest. ECF No. 174. Before the hearing was held pursuant to 21 U.S.C. § 853(n), the United States filed a Joint Stipulation reflecting an agreement to the issuance of a final order of forfeiture containing a provision providing for payment of the Petitioners' interest in the property after payment of all costs incurred in preserving and/or selling the property. ECF No. 175.

## II.     Legal Standard and Analysis

Title 21 U.S.C. § 853(n) requires the United States, following the entry of a preliminary order of forfeiture, to publish notice of the preliminary order of forfeiture and its intent to dispose of the property in such manner as the Attorney General may direct. 21 U.S.C. § 853(n)(1). Third parties asserting an interest in the property may then petition the court for an adjudication of that interest. *See Id.* § 853(n)(2). The petition must be signed by the petitioner under penalty of perjury and "shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* § 853(n)(3). If the court determines that the petitioner has a valid interest in the property, the court shall amend the order of forfeiture in accordance with its determination. *Id.* § 853(n)(6).

### III.      Findings and Recommendation

Before the Court held a hearing to establish the Petitioners' interest, the United States filed a Joint Stipulation. ECF No. 175. The Stipulation provides that the aforementioned parties do not contest the Court entering a final order of forfeiture. *Id.* Additionally, the Stipulation states that all parties agree that Petitioners have a valid interest in the *ad valorem* property taxes as well as any penalties and interest through the date of entry of the final order of forfeiture.

Because the parties agreed in the Joint Stipulation as to Petitioners' interest in the property, the undersigned RECOMMENDS that the Petition for Adjudication of Interest in Property (ECF No. 168) be DENIED as moot. Furthermore, the undersigned RECOMMENDS that Judge O'Connor include in his final order of forfeiture for 9722 Oakwood Drive, Dallas, Texas 75217, a provision granting Petitioners' payment for all *ad valorem* property taxes owed and any penalties or interest accrued through the date of the final order of forfeiture, pursuant to the agreement of the parties.

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district

court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

Signed March 15, 2017.

Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE